UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Arthur L. Mercer,

                        Petitioner,         9:19-cv-1599 (AMN/CFH)

v.

John Harper, Superintendent,

                        Respondent.

---

**APPEARANCES:**                        **OF COUNSEL:**

**ARTHUR L. MERCER**
430 Kerrigan Blvd.
Newark, New Jersey 07106
Petitioner, *Pro Se*

**HON. LETITIA JAMES**                 **MICHELLE ELAINE MAEROV, ESQ.**
New York State Attorney General       Assistant Attorney General
The Capital
Albany, New York 12224
Attorney for Respondent

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On November 27, 2019, Petitioner *pro se*, Arthur L. Mercer, filed a Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Petitioner sought leave to proceed *in forma pauperis* ("IFP"), which was granted. Dkt. Nos. 2, 4. On July 29, 2020, Respondent filed a Memorandum of Law opposing the Petition. *See* Dkt. Nos. 14, 16 ("Opposition").[1] On

---

[1] Dkt. Nos. 14 and 16 are identical. Therefore, Dkt. No. 14 will be used to refer to Respondent's Memorandum of Law.

September 28, 2020, Petitioner filed a traverse in response to Respondent's Opposition.  Dkt. No. 21.

This matter was referred to United States Magistrate Judge Christian F. Hummel, who, on January 9, 2023, issued an Order and Report-Recommendation ("Report-Recommendation") recommending that the petition be denied and dismissed in its entirety, Petitioner's motion for summary judgment and request to reject Respondent's filings be denied, and no Certificate of Appealability ("COA") be issued.[2]  *See* Dkt. No. 27 at 48-49.  Magistrate Judge Hummel advised Petitioner that under 28 U.S.C. § 636(b)(1), he had fourteen days to file written objections and failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 49 & n.24.  Petitioner has not filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety, and orders that the Petition be denied and dismissed in its entirety, Petitioner's motion for summary judgment and request to reject Respondent's filings be denied, and that no certificate of appealability be issued.

## II. BACKGROUND

Familiarity with the Report-Recommendation is presumed and only the facts most relevant to Petitioner's claims are discussed below.[3]  Petitioner was indicted by a Grand Jury on two counts of criminal sale of a controlled substance in the third degree in violation of N.Y. Penal Law §§

---

[2] Magistrate Judge Hummel recommended that no COA be issued, "because petitioner has failed to make a substantial showing of the denial of a constitutional right as 28 U.S.C. § 2253(c)(2) requires."  Dkt. No. 27 at 48 & n.23 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

[3] For a complete recitation of the relevant facts, the parties are referred to the Report-Recommendation.  *See* Dkt. No. 27.

2

220.31(1) and 220.16(1). SR. 104-05.[4] On October 2, 2014, Petitioner appeared before the Hon. Donald A. Williams in Ulster County Court (the "County Court") and entered a plea of not guilty. SR. 2. On February 18, 2015, Petitioner reappeared in County Court and initially stated that he did not want to remain represented by his attorney, but after a break to discuss further with counsel, stated that he was satisfied with and wished to remain represented by his attorney. SR. 8-15. The County Court questioned both Petitioner and his counsel regarding this decision. SR. 11-15. The County Court also observed that a plea offer had previously been made, but had been rejected by Petitioner and subsequently withdrawn by the Court. SR. 15. The County Court advised Petitioner that it would continue the prior plea offer that had been rejected and withdrawn, and that if Petitioner accepted it, it would sentence him to six years in state prison and three years of post-release supervision. SR. 15-24. Petitioner stated that he wished to accept the plea. SR. 24.

During the plea colloquy, Petitioner told the County Court he had not taken any drugs, alcohol or medication before coming to County Court and that he had not taken his medication for bipolar disorder. SR. 20. When the County Court asked if Petitioner was having trouble understanding what the Court was saying, Petitioner replied, "somewhat, but I'm just going to say yes." *Id.* However, after the County Court's follow-up questioning, Petitioner responded, "I do understand" and stated that he wished to accept the plea. SR. 20-22. The County Court accepted Petitioner's plea. SR. 36.

Petitioner appeared for sentencing on April 21, 2015 and when the County Court asked his counsel, Mr. Singer, if there was any reason why sentence could not be imposed, counsel replied, "[n]one that I know of your Honor." SR. 42-46. Petitioner informed the County Court that he

---

[4] All citations to Dkt. No. 15, the State Court Records ("SR."), will refer to the pagination generated by CM/ECF, the Court's electronic filing system.

3

wanted to withdraw his plea, challenging his "prior convictions." SR. 44. The County Court asked petitioner what he meant by "prior convictions" and he responded that they were "unconstitutionally obtained." *Id*. The County Court replied, "that's not a basis to withdraw your plea of guilty." *Id*. When the County Court asked petitioner if he had "other arguments," petitioner replied that he just "want[ed] to take back [his] plea." *Id*. Petitioner conferred with counsel and when the County Court again asked him what grounds he had to withdraw his plea, Petitioner stated that he wanted to withdraw his plea because he had an upcoming parole hearing. SR. 45. The Court deferred sentencing Petitioner and instead informed him that if the presentence investigation report in his case was accurate, petitioner had violated the terms of his plea agreement by making untruthful statements during his presentence interview, and adjourned the case for an *Outley* hearing[5] to determine whether petitioner had violated conditions of his plea agreement and whether his sentence would be enhanced as a result. SR. 45-46.

On July 16, 2015, the County Court conducted an *Outley* hearing. SR. 49-84. After finding that Petitioner had in fact violated the conditions of his plea agreement by making statements to his probation officer concerning his criminal conduct that were inconsistent with the statements he made in his plea allocution, the County Court asked whether there was a legal reason why sentence could not be imposed. SR. 75-78. Petitioner's attorney stated there was no legal reason why sentencing could not proceed. SR. 78. Petitioner responded by contesting the constitutionality of his prior conviction for criminal sale of a controlled substance in the third degree. SR. 78-80. The County Court asked Petitioner to identify the legal theory supporting his claim that his prior conviction was unconstitutional. SR. 79. The hearing was adjourned to allow the parties to develop arguments about the constitutionality of Petitioner's prior felony conviction. SR. 79-81.

---

[5] *See generally, People v. Outley*, 80 N.Y.2d 702 (1993); *People v. Hicks*, 98 N.Y.2d 185 (2002).

4

When the parties returned to County Court on July 29, 2015, Mr. Singer requested to be relieved and Petitioner confirmed he wanted his attorney relieved. SR. 86-91.

Petitioner was assigned a conflict defender, Mr. Hoerter, and on August 27, 2015, Petitioner and his new counsel appeared for sentencing. SR. 208. Counsel stated that he did not believe Petitioner had articulated or was able to articulate a basis to withdraw the plea or challenge his prior felony convictions. SR. 209. Petitioner submitted a letter requesting to withdraw his guilty plea and an Omnibus Motion seeking various forms of relief. SR. 211-14. The County Court denied Petitioner's application to withdraw his plea and motion for omnibus relief. SR. 214. The County Court then sentenced Petitioner as a second felony offender to an eight-year determinate term and three-years post-release supervision. SR. 223-24.

Petitioner appealed his conviction and on February 7, 2019, the Appellate Division, Third Department, affirmed the judgment of conviction. *People v. Mercer*, 169 A.D.3d 1112 (3d Dep't 2019).[6] On April 16, 2019, Petitioner's application for leave to appeal to the New York Court of Appeals was denied. *People v. Mercer*, 33 N.Y.3d 979 (2019).[7] Petitioner *pro se* submitted an application for reconsideration of the Court of Appeals' denial of leave, SR. 407-09, and that application was also denied. *People v. Mercer*, 33 N.Y.3d 1071 (2019).

In a *pro se* petition filed in this Court on November 27, 2019, Petitioner claims he is entitled to federal habeas relief because (1) the County Court improperly argued the People's case during Petitioner's challenge to the constitutionality of his prior conviction at the August 27, 2015 sentencing hearing; (2) the People filed "false information," "false statements" and "a false

---

[6] A copy of the Third Department decision is included in the State Court Records. *See* SR. 369-72.

[7] A copy of the Court of Appeals decision denying leave is included in the State Court Records. *See* SR. 401.

instrument" in their Appellate Division brief; (3) Petitioner received ineffective assistance of counsel at sentencing when counsel made the statement that he did "not see any reason why the defendant cannot be sentenced today he put in no motions"; and (4) Petitioner's guilty plea was not knowingly, voluntarily and intelligently made because during the plea, he did not take his "mental health medication," and therefore he did not fully understand the proceedings.  Dkt. No. 1 at 6-10.

### III. STANDARD OF REVIEW

#### A. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may award *habeas corpus* relief with respect to a claim adjudicated on the merits in state court only if the adjudication resulted in an outcome that: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Rodriguez v. Miller*, 439 F.3d 68, 73 (2d Cir. 2006) (quoting 28 U.S.C. § 2254(d)).

This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (*per curiam*) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted)).  The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (*per curiam*) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

#### B. Review of a Report and Recommendation

A district court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, the court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.   DISCUSSION

Because Petitioner has not filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

### A.   Sentencing as a Second Felony Offender

Petitioner contends that during the August 27, 2015 sentencing hearing, the County Court improperly took on the role of prosecutor when the court "took[] it upon itself to question" Petitioner during his challenge to the constitutionality of his prior conviction. Dkt. No. 1 at 5-6, 15. In Petitioner's Traverse, Dkt. No. 21, Petitioner claims that "[t]he [County C]ourt and [the People had] no qualified immunity when [they] violated [P]etitioner's constitutional right to due process...." Dkt. No. 21 at 4. In his Report-Recommendation, Magistrate Judge Hummel determined that when liberally reading the Petition and Traverse, Dkt Nos. 1, 21, Petitioner alleged a violation of his due process rights under the Fourteenth Amendment. Dkt. No. 27 at 25.

The Magistrate Judge concluded that the Petitioner's claim that the County Court violated his due process rights is meritless. Dkt. No. 27 at 29. The Report-Recommendation noted that it is the County Court's prerogative to assess a defendant's character and crimes at sentencing, and correctly concluded that the judge's questioning of Petitioner did not demonstrate the high degree

7

of favoritism or antagonism required to violate Petitioner's due process rights at sentencing. Dkt. No. 27 at 27.[8] Finding no clear error, the Court concurs with the Report-Recommendation that Petitioner's due process rights were not violated by the County Court's inquiry at the sentencing hearing.

### B. The People's Appellate Division Filings

Petitioner claims that the District Attorney filed false statements, false information, and false documents in the People's brief submitted to the Appellate Division. Dkt. No. 1 at 7-9, 15-16. In Petitioner's *pro se* reply brief to the Appellate Division, he accused the People of filing false information in their brief with the Appellate Division in violation of New York Penal Law § 175.35, SR. 363-69, and the Appellate Division rejected Petitioner's argument. *Mercer*, 169 A.D.3d 1112. Magistrate Judge Hummel concluded that Petitioner is not entitled to habeas relief due to an alleged violation of the New York Penal Law because it is not the province of the federal court to reexamine state-court determinations on state law. Dkt. No. 27 at 30; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

As to Petitioner's allegation in the Petition that the People violated 18 U.S.C. § 1001,[9] Dkt. No. 1 at 16-17, Magistrate Judge Hummel concluded that Petitioner's claim is unexhausted. Dkt. No. 27 at 31; *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). Magistrate Judge

---

[8] *See Francolino v. Kuhlman*, 224 F. Supp. 2d 615, 655 (S.D.N.Y. 2002), *aff'd*, 365 F.3d 137 (2d Cir. 2004); *Bessaha v. Rock*, No. 09-CV-3581, 2012 WL 1458195, at *18 (E.D.N.Y. Apr. 27, 2012); *Qualls v. United States*, No. 06-CV-5852, 2021 WL 2986707, at *10 (E.D.N.Y. July 15, 2021); *Smith v. McGinnis*, No. 02-CV-1185, 2003 WL 21488090, at *3 (S.D.N.Y. June 25, 2003).

[9] 18 U.S.C. § 1001(a) states that "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully-- (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years...."

Hummel also noted that, even if Petitioner had exhausted his claim, his reliance on 18 U.S.C. § 1001(a) is misplaced because that statute "does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding." Dkt. No. 27 at 31 (citing 18 U.S.C. § 1001(b)).

Additionally, the Magistrate Judge determined that liberally reading Petitioner's papers, he could have been arguing prosecutorial misconduct when he asserted that the prosecutor used false evidence in the state's brief to the Appellate Division. Dkt. No. 27 at 32. Magistrate Judge Hummel concluded that Petitioner was not entitled to habeas relief on this liberally read claim. *Id.* at 33-38.

First, the Magistrate Judge concluded that the prosecution's representation to the Appellate Division that the court substantially complied with C.P.L. § 400.21, did not constitute a false statement and did not meet the standard of being "so infected with unfairness" as to deny Petitioner's due process rights. *Id.* at 33; *see also Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The Magistrate Judge explained that Petitioner's argument that the People did not prove beyond a reasonable doubt that Petitioner was subjected to a predicate felony conviction because the District Attorney ("D.A.") did not fully respond to Petitioner's argument that his prior conviction was unconstitutional, and therefore the D.A.'s later representation that the County Court complied with C.P.L. § 400.21 was false, was meritless. *Id.* at 35-36. The constitutionality of Petitioner's previous conviction was affirmed by the Appellate Division,[10] and the D.A.'s failure to fully respond to Petitioner's non-cognizable argument does not mean that the D.A. failed to prove Petitioner had been subjected to a predicate felony conviction beyond a reasonable doubt. *Id.* at

---

[10] *See People v. Mercer*, 81 A.D.3d 1159 (3rd Dep't 2011).

9

36.

Second, Magistrate Judge Hummel concluded that Petitioner's contention that the D.A. falsely represented to the Appellate Division that Petitioner was given "a full and fair opportunity to be heard in challenging his prior felony conviction," was incorrect. *Id.* at 37. Petitioner had admitted on multiple occasions that he was convicted of criminal sale of a controlled substance in the third degree and the County Court provided him with an opportunity to contest the constitutionality of his prior conviction. *Id.*

Finding no clear error, the Court concurs with the Report-Recommendation that Petitioner is not entitled to habeas relief on his claims related to the People's Appellate Division filings.

### C. Ineffective Assistance of Counsel

Petitioner argues he was denied the effective assistance of counsel because his attorney "took a stand against" Petitioner when counsel "failed to investigate [P]etitioner['s] challenge to his prior convictions [as] having been obtained unconstitutionally." Dkt. No. 1 at 8-9, 16-17.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. In assessing whether a habeas petitioner has been denied the effective assistance of counsel to which he is entitled under the Sixth Amendment, the Court applies the standard established by *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, the Petitioner must meet a two-pronged test:

> First, the [Petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the [Petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687 (internal citations omitted). The *Strickland* standard is "'highly demanding,' ... and 'rigorous[.]'" *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011) (quotations omitted). An ineffective assistance of counsel claim "must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Id*. (citation omitted).

In his Report-Recommendation, Magistrate Judge Hummel analyzed Petitioner's ineffective assistance claim as to both of Petitioner's attorneys, Mr. Singer at the April 21, 2015 and July 16, 2015 hearings, and Mr. Hoerter at the August 14, 2015 hearing,[11] and found that Petitioner did not meet the high bar imposed by the *Strickland* test. Dkt. No. 27 at 40-42. The Report-Recommendation concluded, and the Court agrees, that Petitioner was not prejudiced by Mr. Singer's or Mr. Hoerter's representation. *Id.* at 41. Even if Mr. Singer or Mr. Hoerter had raised the constitutional challenge, Petitioner would have been sentenced as a prior felony offender because the County Court had already rejected Petitioner's argument that his 2007 conviction was unconstitutionally obtained. Dkt. No. 27 at 41-42 (citing SR. 217-20); *see also United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999), *overruled on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 403 n.8 (2003) ("[f]ailure to make a meritless argument does not amount to ineffective assistance"). Accordingly, the Court adopts Magistrate Judge Hummel's recommendation that Petitioner is not entitled to habeas corpus relief on his ineffective assistance of counsel claim. *See* Dkt. No. 27 at 42.

**D. Knowing, Voluntary, and Intelligent Plea**

Petitioner claims that his guilty plea was not knowingly, voluntarily, and intelligently

---

[11] Even though Magistrate Judge Hummel believed that Petitioner's claims likely applied to the April 21, 2015 and July 16, 2015 hearings where Petitioner was represented by Mr. Singer, because of Petitioner's *pro se* status, Judge Hummel liberally read Petitioner's papers as also referring to his August 14, 2015 hearing where he was represented by Conflict Defender Mr. Hoerter. Dkt. No. 27 at 40; *see also Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

made. Dkt. No. 1 at 10-11. Magistrate Judge Hummel determined that Petitioner's claim is procedurally barred, and recommended that it be dismissed. Dkt. No. 27 at 45. When Petitioner argued to the Appellate Division that his guilty plea was not knowing and voluntary, SR. 142-144, the Appellate Division rejected the claim, finding that Petitioner had failed to preserve the issue. Dkt. No. 27 at 44. The Appellate Division further found that Petitioner's case did not warrant the application of an exception to the preservation rule. *Id.*

Magistrate Judge Hummel correctly concluded that federal review is barred because the Appellate Division rejected the claim on independent and adequate procedural grounds, and Petitioner was unable to show an external cause for the default and resulting prejudice or that a fundamental miscarriage of justice would result from the Court's failure to review the claim. *Id.* at 44-45 (citing *Belle v. Superintendent*, No. 11-CV-0657 (NAM), 2013 WL 992663, at *5 (N.D.N.Y. Mar. 13, 2013) (citation omitted)). Accordingly, the Court adopts the Report-Recommendation that this claim be dismissed as procedurally barred.

### E. Petitioner's Traverse

#### 1. Summary Judgment

Petitioner submitted a motion for summary judgment in his traverse, arguing "[t]he [County] [C]ourt and [the] [P]eople ha[ve] no qualified immunity" and "violated [P]etitioner's constitutional right to due process[.]" Dkt. No. 21 at 4. Magistrate Judge Hummel determined, and the Court concurs, that a motion for summary judgment is not the appropriate vehicle for Petitioner's request that if the Court finds there are "false statements in the answer and memorandum of law" the "court strike[s] the answer and memorandum from the record and gr[ants] [P]etitioner's habeas [petition]" and that Petitioner be released immediately. Dkt. No. 21 at 9; Dkt. No. 27 at 45-46; *see also Chase v. Wolcott*, No. 9:21-CV-0473 (MAD) (TWD), 2021

WL 5232689, at *3 (N.D.N.Y. Nov. 10, 2021) ("The purpose of federal habeas corpus petitions brought pursuant to 28 U.S.C. § 2254 is to test the constitutionality of confinement after either a state court conviction or a decision relating to parole or good time.  Motions for summary judgment are rarely appropriate in the context of habeas corpus actions.") (citation omitted).  Accordingly, the Court adopts the Report-Recommendation that Petitioner's motion for Summary Judgment be denied.

  **2. False Statements**

Petitioner also argues that the Attorney General's response to the Court contains two false statements and requests that the Court "strike the entire answer and memorandum of law."  Dkt. No. 21 at 6.  Magistrate Judge Hummel concluded that there is no reason to dispose of any portion of the Parties' papers.

 Petitioner's first argument is that the Attorney General falsely contends "that [P]etitioner has [not exhausted his] claim of ineffective assistance of counsel" because Petitioner "raised the issue in [County] Court … and in the [A]ppellate [D]ivision …."  Dkt. No. 21 at 6.  Magistrate Judge Hummel concluded that the Attorney General did not make a false statement because it was unclear which of his attorneys Petitioner alleged provided ineffective assistance and, at most, the Attorney General improperly understood Petitioner's argument and responded truthfully to the argument the Attorney General believed Petitioner had made.  Dkt. No. 27 at 47.  Petitioner's second argument is that "[t]he [Assistant Attorney General] falsely argued that the [S]tate [C]ourt substantially complied with the procedure set forth in C.P.L. § 400.21 … in adjudicating [P]etitioner [as] a second felony offender."  Dkt. No. 21 at 6.  Magistrate Judge Hummel concluded this argument is meritless because the County Court complied with due process requirements at the sentencing hearings and the County Court had a right to question a defendant during

sentencing. Dkt. No. 27 at 48. Accordingly, the Court concurs with Magistrate Judge Hummel that there is no just reason to dispose of any portion of the Parties' papers.

### F. Certificate of Appealability

The Court notes that 28 U.S.C. § 2253(c)(1) provides, in relevant part, that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court[.]" 28 U.S.C. § 2253(c)(1)(A). A court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Since Petitioner has failed to make such a showing, the Court adopts Magistrate Judge Hummel's recommendation and declines to issue a COA in this matter.

## V. CONCLUSION

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 27, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Petition is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that Petitioner's motion for summary judgment and request to reject Respondent's filings in Dkt. No. 21 is **DENIED**; and the Court further

**ORDERS** that no Certificate of Appealability be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Any further request for a Certificate of Appealability must be addressed to the Court

of Appeals (Fed. R. App. P. 22(b)); and the Court further

    **ORDERS** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

    **IT IS SO ORDERED.**

Dated: March 29, 2023
        Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge